## UNITED STATES DISTRICT COURT

### DISTRICT OF MINNESOTA

_____

Case No. _____

Joel Smith and John Nesse or any successors as Trustees of the Minnesota Laborers Health and Welfare Fund, Joel Smith and Daniel Shoemaker or any successors as Trustees of the Minnesota Laborers Pension Fund, Joel Smith and Heather Grazzini or any successors as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler or any successors as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dave Borst  and Mark Ryan or any successors as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, or any successors, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

**COMPLAINT**

     Plaintiffs,

vs.

William Peterson d/b/a Bay Area Concrete and Bay Area Concrete LLC,

     Defendants.

_____

     Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1.     Plaintiffs or their successors are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers

Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant William Peterson is an individual who performs business under the name Bay Area Concrete with an address of 5237 Miller Trunk Highway, Hermantown, Minnesota 55811.  Defendant William Peterson is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      Defendant Bay Area Concreate LLC was a Minnesota limited liability that was dissolved by the Minnesota Secretary of State in April 2020.  Defendant Bay Area Concreate LLC has a registered address of 5237 Miller Trunk Highway, Hermantown, Minnesota 55811.  Defendant Bay Area Concreate LLC is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.      This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter

jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7.      The Funds re-allege and incorporate by reference paragraphs 1-6 herein.

8.      Since at least April 2018, Defendants have been bound to the terms of a collective bargaining agreement negotiated between the Highway, Railroad and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Unions ("CBA") with a terms of May 1, 2017 through April 30, 2020, which is incorporated herein by reference.

9.      The CBA provides that Defendants are bound to the Trust Agreement for each of the following:  the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.  Each of these Trust Agreements are incorporated herein by reference.

10.     The CBA requires Defendants to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether it is accurately reporting CBA-covered work hours to the Funds including contemporaneously accurate documentation showing what employees performed what

CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

11.     Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

12.     The CBA requires Defendants to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

13.     The CBA requires Defendants to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Defendant's monthly payment to the Funds.

14.     The CBA states that Defendants shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

15.     The CBA further requires Defendants to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

16.     The CBA states that if Defendants fail or refuses to furnish any of its records to the Trustees of the Funds or their authorized agents upon demand or refuse to afford

the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Defendants.

17.     If Defendants fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom Defendants are unable to produce satisfactory records verifying the type of work being performed by that individual.

18.     The CBA prohibits Defendants from subcontracting any work covered by the CBA to any person, firm, or corporation which is not in a contractual relationship with the Laborers International Union of North America or any its affiliated Local Unions.

19.     The CBA states that if Defendants become delinquent, Defendants shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

20.     The CBA states that if Defendants become delinquent, Defendants shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

21.     The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, and disbursements incurred by or on behalf of the Funds in collecting amounts due.

## <u>COUNT I</u>
## BREACH OF CONTRACT/ RIGHT TO AUDIT

22.    The Funds re-allege and incorporate by reference paragraphs 1-22 herein.

23.    The Funds' authorized agent requested that Defendants produce a complete set of payroll and employment records as specified in CBA and Trust Agreements for the period of April 2018 through December 2019 ("Audit Period").

24.    Defendants breached the terms of the CBA and Trust Agreements by failing and refusing to produce the requested payroll and employment records for the Audit Period.

25.    Upon information and belief, Defendants employed individuals during the Audit Period on whose behalf accurate reports and contributions are due and owing.

26.    Unless Defendants are ordered to specifically perform the obligation to produce the records and permit the audit and is enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees pursuant to ERISA, CBA, and the Trust Agreements.

27.    In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

28.    Defendants should be enjoined from further refusal and failure to allow the Funds' authorized agent access to its relevant records pursuant to the CBA and ERISA.

29.    Defendants are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of Defendant's employees for whom Defendants are

6

unable to produce satisfactory records verifying the type of work performed by any such individuals.

30.     Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

31.     Defendants are liable to the Funds for interest charges on the unpaid contributions for the Audit Period pursuant to the CBA and Trust Agreements.

## COUNT II
## ERISA DAMAGES

32.     The Funds re-allege and incorporate by reference paragraphs 1-32 herein.

33.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

34.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

35.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants as follows:

1.     For an Order adjudging that the Defendants are required to forthwith produce for inspection and audit for the period of April 2018 through December 2019 any and all records reasonably deemed necessary to the performance of such audit by the Plaintiffs' authorized agent.

2.	For an Order adjudging that the Defendants are enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBA.

3.	For judgment against the Defendants for all unpaid fringe benefit contributions discovered to be due pursuant to the audit of the period of April 2018 through December 2019 plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4.	For an award of costs, disbursements and attorney fees according to law.

5.	For such other and future relief as the Court deems just, equitable or proper.

Date:  November 2, 2020	MCGRANN SHEA CARNIVAL
	STRAUGHN & LAMB, CHARTERED


	By:	s/ Amy L. Court
		Carl S. Wosmek (Atty. No. 300731)
		Amy L. Court (Atty. No. 319004)
		Christy E. Lawrie (Atty. No. 388832)
		800 Nicollet Mall, Suite 2600
		Minneapolis, MN 55402
		Telephone: (612) 338-2525
		csw@mcgrannshea.com
		alc@mcgrannshea.com
		cel@mcgrannshea.com

		*Attorney for Plaintiffs*

1304298.DOCX