# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JOEL SMITH, et al.,                                  Case No. 20-CV-2267 (NEB/LIB)

        Plaintiffs,

v.                                                   ORDER ON MOTION FOR DEFAULT
                                          JUDGMENT

WILLIAM PETERSON and BAY AREA
CONCRETE LLC,

        Defendants.

---

Trustees of several fringe benefit plans[1] (the "Trustees") moved for an entry of default judgment and an injunction requiring Defendants William Peterson and Bay Area Concrete LLC (collectively, "Bay Area Concrete")[2] to submit their payroll and employment records to the Trustees. For the reasons that follow, the Court grants the motion in part.

---

[1] These are Joel Smith and John Nesse, as Trustees of the Minnesota Laborers Health and Welfare Fund; Joel Smith and Daniel Shoemaker, as Trustees of the Minnesota Laborers Pension Fund; Joel Smith and Heather Grazzini, as Trustees of the Minnesota Laborers Vacation Fund; Fred Chase and Joe Fowler, as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Dave Borst and Mark Ryan, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust. The fringe benefit plans themselves are also plaintiffs.

[2] The Trustees have alleged that Peterson does business as Bay Area Concrete LLC. (ECF No. 1 ("Compl.") ¶ 3.)

## BACKGROUND

The Trustees represent several "multi-employer jointly-trusteed fringe benefit plans" that are administered under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶¶ 1–2.)

Bay Area Concrete agreed to a collective bargaining agreement ("CBA"). (ECF No. 13-1, Ex. B at 47.) Under the CBA, Bay Area Concrete had to contribute money to several fringe benefit funds based on the number of hours covered employees worked. (ECF No. 13-1, Ex. A ("CBA") at 13–14.) To help determine the amount that an employer must contribute to these funds, the employer must submit a monthly report detailing all hours worked by a covered employee. (*Id.* at 14.) Additionally, employers must provide employment and payroll records to the Trustees on demand and maintain records identifying the type of work covered employees performed. (*Id.* at 17.) An employer who fails to provide a report and pay the required amount by the fifteenth day of the next month is considered "delinquent" and must pay liquidated damages of ten percent of the amount owed for the previous month. (*Id.* at 15.)

The Trustees have alleged that Bay Area Concrete breached the CBA by failing to provide payroll and employment records after the Trustees' agent requested them. (ECF No. 13 ("Skoog Decl.") ¶¶ 8–9.) Without these records, the Trustees cannot determine how much Bay Area Concrete owes the funds in unpaid contributions, nor can it calculate the liquidated damages and interest Bay Area Concrete owes. (*Id.* ¶¶ 11, 13–14.)

The Trustees filed this suit in November 2020 and served Bay Area Concrete the following month. (Compl.; ECF No. 5.) Bay Area Concrete never appeared or filed a responsive pleading, and after the time for it to file a responsive pleading elapsed, the Trustees applied for an entry of default, which the Clerk entered. (ECF Nos. 6, 9.) The Trustees then moved the Court for a default judgment and an injunction requiring Bay Area Concrete to provide employment and payroll records. (ECF No. 10.) The Court held a hearing on April 21, 2021, (ECF No. 18 (amended notice of hearing)), but Bay Area Concrete did not appear. (ECF No. 20.)

## ANALYSIS

After the clerk enters a default, a party may apply to the Court for a default judgment. Fed. R. Civ. P. 55(a), (b)(2). Because the Clerk found Bay Area Concrete to be in default, liability is established, and the only remaining issue is the amount of damages. *Raines v. Phoenix Corp.*, No. 19-CV-2552 (WMW/KMM), 2020 WL 814189, at *2 (D. Minn. Feb. 19, 2020) (citing *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)). A party must prove its damages "to a reasonable degree of certainty," and a court should not enter a default judgment until damages can be determined. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001); *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citation omitted).

At this point, an entry of default judgment would be premature. The Trustees are currently unable to determine the amount of damages. (*E.g.*, Skoog Decl. ¶¶ 11, 13, 17.)

Thus, the Court denies the Trustees' motion to the extent that it seeks a default judgment. *Phoenix Corp.*, 2020 WL 814189, at *3 (refusing to order that defendants are liable for the relief plaintiff sought when the amount of damages depended on yet-to-be-produced documents); *Mackey v. J & J Holdings, LLC*, No. 18-CV-2591 (WMW/SER), ECF No. 19, slip op. at 6 (D. Minn. Mar. 15, 2019) (holding plaintiffs' motion for default judgment in abeyance until defendants produced documents permitting plaintiffs to calculate damages).

The Trustees are unable to calculate damages without Bay Area Concrete's employment and payroll records. (Skoog Decl. ¶¶ 11, 13, 17.) The Trustees have asked Bay Area Concrete for these records, but Bay Area Concrete has not produced them. (*Id.* ¶¶ 8, 9.) Because Bay Area Concrete has not voluntarily produced the necessary records, and because ERISA permits injunctive relief in situations like this, the Court orders Bay Area Concrete to produce the necessary records. 29 U.S.C. § 1132(a)(3), (g)(2)(E); *see Phoenix Corp.*, 2020 WL 814189, at *3 (issuing an injunction when plaintiffs could not calculate their damages absent injunctive relief); *Raines v. Steel Rock Com., LLC*, No. 20-CV-2124 (ECT/KMM), 2020 WL 8256372, at *2–3 (D. Minn. Dec. 21, 2020); *Tr. of I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 08-CV-117-LRR, 2009 WL 54559, at *9 (N.D. Iowa Jan. 7, 2009) (granting injunctive relief permitting plaintiffs to audit defendant's books and records when plaintiffs were unable to ascertain damages);

*J & J Holdings*, No. 18-CV-2591, ECF No. 19 (granting an injunction requiring defendants to produce monthly remittance reports).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     The Trustees' Motion for Default Judgment and Injunction (ECF No. 10) is GRANTED IN PART;

a.     Within twenty-one (21) days of being served with a copy of this Order, Defendants Bay Area Concrete and William Peterson must submit their payroll and employment records for the period from April 2018 through December 2019 to the Trustees' third-party administrator, Zenith American Solutions, 2520 Pilot Knob Road, Mendota Heights, Minnesota 55120; and

2.     The amount Defendants owe in delinquent contributions, liquidated damages, interest, and reasonable attorneys' fees and costs will be determined as follows:

a.     Upon receiving the necessary records from Bay Area Concrete and completing an audit, the Trustees may file and serve a motion seeking entry of default judgment for unpaid contributions and liquidated damages, if any, interest on that amount, and reasonable attorneys' fees and costs.

      b.      Bay Area Concrete may then file and serve a response within ten (10) days of being served with the Trustees' motion.

      c.      The Court will examine the parties' submissions and issue an order of judgment. No hearing will be held unless ordered otherwise.

Dated: April 26, 2021               BY THE COURT:

                                     s/Nancy E. Brasel
                                     Nancy E. Brasel
                                     United States District Judge